**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TOU VUE,**

    **Plaintiff,**

vs.                                                                          Case No.: 8:13-CV-3128-T-30EAJ

**CAROLYN COLVIN,**
**Acting Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends affirming the Commissioner's decision and dismissing this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

---

[1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I. Background**

On March 23, 2011, Plaintiff filed applications for DIB and SSI, alleging disability beginning March 23, 2011. (T 196, 198)  Plaintiff's applications were denied initially and upon reconsideration, and an administrative hearing was held on March 26, 2013. (T 13, 74, 75, 100, 101) Forty-two years old at the time of the hearing, Plaintiff has more than a high school education and past relevant work experience as an electronics tester, field service engineer, auto salesperson, computer assisted drafting operator, and user support analyst. (T 23)

On April 26, 2013, an ALJ denied Plaintiff's application. (T 24)  Although Plaintiff's severe impairments included history of cervical and lumbar strains with mild L3-4 degenerative disc disease, lumbar disc herniation and nerve root compression, morbid obesity, sleep apnea, and cervical protrusions with stenosis of cord compression, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 15)  Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for less than

...
...

the full range of sedentary work with the following limitations: stand or walk for a total of about two hours and sit for up to six hours in an eight-hour workday with normal breaks; lift twenty pounds occasionally and lift or carry ten pounds frequently; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; occasionally reach overhead and perform all other reaching no more than frequently; limited to jobs that do not require walking on uneven terrain; avoid concentrated exposure to extreme cold, wetness, and humidity; avoid even moderate exposure to excessive vibration; and avoid even moderate use of hazardous machinery and avoid even moderate exposure to unprotected heights. (T 18-19)

Based on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was able to perform his past relevant work as a computer assisted drafting operator and user support analyst. (T 23)  Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 24)  On October 15, 2013, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (T 1-3)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

On appeal, Plaintiff alleges that the ALJ erred by: (1) failing to identify certain impairments as severe; (2) not finding Plaintiff disabled pursuant to 20 C.F.R. pt. 404, subpt. P., App. 1, § 1.04 ("Listing 1.04"); (3) not evaluating Plaintiff's obesity pursuant to Social Security Ruling ("SSR") 02-1p; (4) failing to specify the weight assigned to certain medical opinions; (5) applying the wrong standard from SSR 96-8p regarding Plaintiff's ability to work; (6) improperly discrediting Plaintiff's

subjective pain complaints; and (7) posing an incomplete hypothetical to the VE.[2] As an initial matter, the Court notes that Plaintiff alleges the ALJ committed seven errors and attempts to develop the arguments in support of these alleged errors in a seven and one-half page memorandum. See, e.g., McMahon v. Comm'r of Soc. Sec., No. 8:12-cv-2746-T-30TGW, 2013 WL 6116828, at *3 (M.D. Fla. Nov. 20, 2013) ("The plaintiff attacks the law judge's decision on nine grounds. It is unreasonable to think that the law judge is so incompetent that she committed reversible error nine times. Rather, the assertion of nine issues reflects poorly on plaintiff's counsel who did not make the effort to winnow the frivolous claims from the unmeritorious ones.") aff'd sub. nom., 583 F. App'x 886 (11th Cir. 2014). Despite such a cursory treatment of the issues presented, the Court will address each of Plaintiff's arguments.

**A.**   Plaintiff contends that the ALJ erred in not finding that Plaintiff suffered from the additional severe impairments of moderate concentration impairment, fatigue, and pain.

To be considered disabled, a claimant must have a severe impairment. 20 C.F.R. § 404.1520(c). A severe impairment is one that significantly limits the claimant's ability to perform basic work activities. Id. Basic work activities are those abilities and aptitudes necessary to do most jobs; for example, the ability to walk, stand, sit, lift, and carry out simple instructions. 20 C.F.R. § 404.1521(b). An impairment can be considered not severe only if it is "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). An ALJ's conclusion that an impairment is not

---

[2] The issues are addressed according to the sequential review process for disability claims, not in the order presented in Plaintiff's memorandum of law.

severe must be supported by substantial evidence. Id. at 921. The severity of an impairment must be measured "in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

Here, the ALJ determined at step two that Plaintiff had the severe impairments of history of cervical and lumbar strains with mild L3-4 degenerative disc disease, lumbar disc herniation and nerve root compression, morbid obesity, sleep apnea, and cervical protrusions with stenosis of cord compression and proceeded to step three of the five-step disability determination.[3] (T 15-18)

In contending that he suffers from a moderate concentration impairment, Plaintiff wrongly states that the ALJ found him to have moderate limitation in concentration. In discussing the medical evidence, the ALJ stated that the findings of non-examining psychologists that Plaintiff suffered from moderate limitation in concentration, persistence, or pace were "overly generous; especially since both reviewers noted that the condition was likely to be mildly to moderately restrictive." (T 18) The ALJ found that Plaintiff did not have a severe mental impairment, stating that Plaintiff's alleged mental health concerns do not cause more than minimal limitation on his ability to perform basic mental work activities and are therefore nonsevere. (T 16) The ALJ also

---

[3] Although the Commissioner urges that the ALJ did not err in proceeding to step three when he found Plaintiff had severe impairments, the error cannot be deemed harmless without further review. Compare Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902-03 (11th Cir. 2011) (per curiam) (unpublished) (explaining that the finding of any severe impairment is enough to satisfy step two, as step three involves evaluating all of a claimant's impairments, severe or nonsevere), with Newton v. Astrue, No. 1:06-CV-1542-AJB, 2008 WL 915923, at *10 (N.D. Ga. Apr. 1, 2008) ("There is . . . no bright line rule that all errors at step 2 are harmless when the ALJ moves beyond step 2. . . . Instead, courts examine whether the error at step 2 infected another portion of the evaluation process."). Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

considered Plaintiff's mental impairments under the "paragraph B" criteria. (T 16) In assessing Plaintiff's mental impairments, the ALJ reviewed four broad functional areas, known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 20 C.F.R. § 404.1520a(c). (T 16-18) The ALJ determined that the evidence demonstrated that Plaintiff experienced no greater than mild difficulties with activities of daily living, social functioning, and difficulties with concentration, persistence, or pace, and that Plaintiff experienced no episodes of decompensation of extended duration. (T 16) The ALJ correctly noted that these "paragraph B" criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process. (T 18)  And the ALJ indicated that the RFC assessment reflected the degree of limitation found in the "paragraph B" mental function analysis. (Id.)

Despite Plaintiff's contention, the ALJ properly considered his alleged mental impairments and determined them to be nonsevere.  Although Plaintiff was diagnosed with depression, a diagnosis alone is insufficient to establish that an impairment is severe. See Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002) (citing Brady, 724 F.2d at 920).

Next, Plaintiff asserts that the ALJ should have found his fatigue and pain to be severe impairments. Plaintiff used a CPAP machine for three months to treat his sleep apnea but it was taken away when he was no longer insured. (T 50-51)  Using the CPAP machine made Plaintiff feel "alive" and "energetic." (T 57) Without the machine, he does not get enough sleep at night and feels tired and sleepy during the day. (T 59)  He often falls asleep throughout the day and while driving. (T 52, 59)  The ALJ considered Plaintiff's allegations of fatigue and discussed the improvement Plaintiff experienced when he used the CPAP machine. (T 19, 23)  Substantial evidence supports

the ALJ's determination that any impairment related to fatigue and pain would have such minimal effect on Plaintiff that they would not be expected to interfere with his ability to work and are therefore non-severe.

Plaintiff fails to cite any persuasive evidence that these impairments, alone or in combination with other impairments, limited his ability to perform basic work activities. Substantial evidence supports the ALJ's findings related to Plaintiff's severe and non-severe impairments, as the ALJ reviewed the medical record, found severe impairments at step two, then appropriately continued on to the next step in the SSI sequential evaluation process.

**B.**     Plaintiff contends that the ALJ erred when he found that Plaintiff did not meet Listing 1.04 because there was absence of nerve root compression but stated elsewhere in the decision that Plaintiff had the severe impairment of lumbar disc herniation and nerve root compression.

To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam) (citations omitted). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." Id. Plaintiff bears the burden of showing that her impairments meet or equal a listed impairment. Doughty v. Apfel, 245 F. 3d 1274, 1278 (11th Cir. 2001).

Listing 1.04 covers disorders of the spine, such as herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, and vertebral fracture. To meet the Listing, a claimant must have a disorder of the spine resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle

>   weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>   B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>   C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 1.04.

Although the ALJ stated elsewhere in his decision that Plaintiff suffered from nerve root compression (T 15), a severe impairment, Plaintiff does not point to any evidence that meets the additional criteria of subsection A, specifically that the nerve root compression was characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, *and*, if there is involvement of the lower back, positive straight-leg raising testing, or the criteria of subsections B and C.[4] See Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986) (per curiam) (a plaintiff contending that his impairment meets or equals a listed impairment must produce medical evidence and findings establishing that the impairment meets or describing how it equals the applicable listed impairment); see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how

---

[4] The court declines to scour the record for evidence that Plaintiff's condition satisfied a listing. To do so would overlook that it is Plaintiff's duty to demonstrate that the listing findings are
met. Furthermore, "cursory treatment of a potentially important issue is taken by this Circuit to be a sign that the party has abandoned the argument." Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002) (citations omitted).

8

severely, does not qualify.") (emphasis in original).  In his decision, the ALJ stated that he gave particular consideration to whether Plaintiff met Listing 1.04 and concluded that Plaintiff did not meet the severity requirement of the listing. "Specifically, [Plaintiff's] medical records are absent evidence of a nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." (T 18)  As it is clear that the ALJ gave specific consideration to whether Plaintiff met Listing 1.04 and Plaintiff points to no additional evidence that he meets the additional criteria beyond having the severe impairment of nerve root compression to qualify under Listing 1.04(A), the ALJ's erroneous statement that Plaintiff's medical records are absent evidence of a nerve root compression is harmless error. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983) (explaining that an ALJ's erroneous statements of fact were harmless error when they did not affect the outcome).  This issue does not entitle Plaintiff to relief.

**C.**     Despite the ALJ's finding his obesity to be a severe impairment, Plaintiff contends that the ALJ did not properly analyze the interaction of obesity with his other medical conditions in accordance with Social Security Ruling ("SSR") 02-1p.  Specifically, Plaintiff contends that his obesity "can serve as the missing link to completing any missing elements of the listing" and specifically refers to the ALJ's finding regarding Plaintiff's inability to walk on uneven surfaces.

SSR 02-1p explains that "[o]besity is a complex, chronic disease characterized by excessive accumulation of body fat. Obesity is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral)." SSR 02-1p, 2000 WL 628049 (Sept. 12, 2002).  Further, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Id.  The ALJ should "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process,

including when assessing an individual's residual functional capacity." Id.

Even if SSR 02-1p were binding on this Court, which it is not,[5] the ALJ found Plaintiff's obesity to be a severe impairment and indicated in his opinion that he considered Plaintiff's impairments in combination. (T 15, 18) The ALJ also explained that the RFC assessment was based on "careful consideration of the entire record," (T 15) which documents Plaintiff's weight and includes notations that Plaintiff needs to lose weight and exercise (T 387, 435). The ALJ placed specific restrictions on Plaintiff's ability to lift and carry, walk or stand for prolonged periods, and prohibited his walking on uneven terrain. The ALJ specifically stated, "I have assessed the effect obesity has upon the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." (T 22)

Accordingly, the ALJ properly considered the impact of Plaintiff's obesity with his other impairments and upon his ability to work. See Castel v. Comm'r of Soc. Sec., 355 F. App'x 260, 264 (11th Cir. 2009) (per curiam) (unpublished).

**D.** Plaintiff contends that the ALJ did not state the weight assigned to the medical opinions. Plaintiff's argument is conclusory and undeveloped. All that Plaintiff points to is a notation by Stephen M. Strait, M.D. ("Dr. Strait"), that Plaintiff's injuries stemming from a motor-vehicle accident were unlikely to improve and may decline (T 472) and a diagnosis of chronic depression by Harris Feinstein, M.D. ("Dr. Feinstein") (T 458).

When reviewing the Plaintiff's record, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d

---

[5] It is well established that agency rulings are not binding in the Eleventh Circuit and do not have the force and effect of law. See Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007) (per curiam) (unpublished).

278, 279 (11th Cir. 1987) (per curiam) (citation omitted). Specifically, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011).

The basic rule is that the ALJ must give a treating physician's opinion "substantial or considerable weight" unless there is good cause to disregard the opinion. Id. at 1179. Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. Id. Moreover, if the ALJ articulates good cause for discrediting the treating physicians' opinions, the ALJ is entitled to rely on a non-examining physician's opinion if it is consistent with the medical record and the treating physicians' underlying clinical findings. Flowers v. Comm'r of Soc. Sec., 441 F. App'x 735, 743 (11th Cir. 2011) (per curiam) (unpublished).

The ALJ discussed the treatment records from Dr. Strait, including Dr. Strait's diagnoses of cervical, thoracic, and lumbar strains or sprains with accompanying headaches (T 20) and opinion that residual problems would interfere with Plaintiff's lifestyle and occupational duties (T 21). The ALJ concluded that the record did not contain any opinions from physicians that Plaintiff was disabled or had limitations greater than those included in Plaintiff's RFC assessment. (T 22) In fact, the ALJ afforded significant weight to the treating sources. (Id.)

As for the records from Dr. Feinstein, the ALJ noted that the records predate Plaintiff's

alleged disability onset date. (T 16)  In any event, the ALJ discussed the medical records from Mental Health Care, Inc., where Dr. Feinstein treated Plaintiff along with other practitioners. (Id.)

Accordingly, the ALJ properly evaluated the opinions of Plaintiff's treating physicians that related to Plaintiff's disability in the relevant time period.

**E.** Plaintiff alleges that the ALJ did not utilize SSR 96-8p in developing the RFC assessment. As best the Court can decipher, Plaintiff contends that the ALJ's statement that Plaintiff's multiple complaints "would not preclude all work activity" applies the improper standard and, pursuant to SSR 96-8p, a claimant must be able to perform substantial gainful activity on a sustained basis.  As previously stated, SSRs are not binding on the Court, see Miller, 246 F. App'x at 662, and Plaintiff's argument is without merit.  The ALJ explained that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence[.]" (T 19) He provided a thorough analysis of Plaintiff's medical record and subjective complaints, including Plaintiff's testimony, treatment records, and objective medical tests.

**F.** Plaintiff alleges that the ALJ improperly evaluated Plaintiff's credibility by referring only to the report of a non-examining state agency physician.  However, Plaintiff's argument as to this issue is misguided.  The ALJ relied on substantial evidence in assessing Plaintiff's subjective complaints.

The Eleventh Circuit has established a three-part "pain standard" to use when a claimant attempts to establish disability through testimony of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).  A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical

12

condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam).

Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted). A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation omitted).

While Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, that ALJ found his statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible.[6] (T 22)

In rejecting Plaintiff's subjective pain complaints, the ALJ discussed Plaintiff's hospitalizations and other medical evidence.

Following a January 2011 motor vehicle accident, which preceded Plaintiff's alleged disability onset date by two months, Plaintiff was seen at South Florida Baptist Hospital and had a normal range of motion and normal strength with negative straight leg raising tests. (T 20, 441-44) Following another motor vehicle accident in October 3, 2011, after his alleged disability onset date, Plaintiff ambulated into triage without any difficulty, was given education materials about neck sprain or strain, and was directed to follow up with his primary care provider. (T 20, 545, 549, 552)

Consultative examiner Byron Dean, D.O. ("Dr. Dean"), evaluated Plaintiff on August 29,

---

[6] The ALJ explicitly referred to the proper standard for evaluating a Plaintiff's subjective symptoms. (T 19)

2011. (T 20, 528-34)  Dr. Dean summarized that Plaintiff did exhibit some lumbar and cervical strains and that Plaintiff's obesity and other comorbidities contribute to his pain and discomfort. (T 533)  He opined that Plaintiff would not be suitable for employment requiring heavy physical labor but was better suited for sedentary-type work.  He added that Plaintiff has minimal to no restrictions regarding daily living activities. (Id.)

The ALJ also discussed Dr. Strait's opinion that Plaintiff was at maximum medical improvement with nine percent whole body impairment. The ALJ noted that Dr. Strait did not conclude that Plaintiff was precluded from all work, but Dr. Strait did find that Plaintiff would experience residual problems that would interfere with his lifestyle and occupational duties. (T 21, 585)

The ALJ found that the medical evidence, including the significant MRI findings, demonstrated that Plaintiff's pain complaints were genuine but included few functional limitations. (T 21)  The ALJ also stated that the record contained no opinions from treating or examining physicians that Plaintiff had limitations greater than those found in the RFC assessment. (T 22)

Finally, the ALJ addressed Plaintiff's activities of daily living, stating:

> Although the claimant has described daily activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled.  First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty.  Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision.  Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

(T 22)

While the ability to engage in everyday activities of short duration such as housework or

14

fishing does not disqualify a claimant from receiving disability benefits, Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997), the Commissioner may properly rely on a claimant's daily activities, among other evidence, in determining whether a claimant is entitled to disability benefits. Hoffman v. Astrue, 259 F. App'x 213, 219 (11th Cir. 2007) (per curiam) (unpublished) (citations omitted). Although "requiring allegations to be objectively verified is not an appropriate standard," Aponte v. Comm'r of Soc. Sec. Admin., No. 6:12-cv-32-ORL-DAB, 2013 WL 178336, at *6 (M.D. Fla. Jan. 17, 2013), the ALJ properly evaluated the record and attributed his decision to discredit Plaintiff's pain complaints to the weak medical evidence and other factors.

Accordingly, the ALJ provided reasons supported by substantial evidence for discrediting Plaintiff, and this finding should not be overturned. See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam).

**G.** Plaintiff also contends that the ALJ failed to pose a complete hypothetical question to the VE at the hearing because the hypothetical did not account for Plaintiff's alleged concentration impairment.

An ALJ may, but is not required to, consult a VE to determine whether the claimant can perform any past relevant work "either as the claimant actually performed it or as generally performed in the national economy." Hennes v. Comm'r of Soc. Sec. Admin., 130 F. App'x 343, 346 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted). The VE's testimony is considered substantial evidence if the ALJ poses a hypothetical question that comprises all of the claimant's impairments. Wilson, 284 F.3d at 1227 (citation omitted). Although the ALJ's hypothetical must include all of the claimant's limitations, the ALJ is not required to include findings that are not supported by the record. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155,

1161 (11th Cir. 2004) (per curiam).

As discussed above, the ALJ did not find that Plaintiff suffers from moderate concentration impairment. Accordingly, the ALJ was not required to include in the hypothetical any limitations related to this impairment. Plaintiff's arguments on this point are therefore without merit. See Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (per curiam) (a claimant must prove she is unable to perform her past relevant work as actually performed and as generally required by employers).

### Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  The decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2)  The Clerk of Court enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Date: January 29, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record

District Judge